UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          13 CV 1090
--------------------------------------------------------X
KARON BAKER,

                Plaintiff,      **SECOND AMENDED**
                                **COMPLAINT &**
    v.                              **JURY DEMAND**

THE CITY OF NEW YORK,
NEW YORK CITY POLICE OFFICER KIRYAKO,
Shield # 12407, PSA-3 Precinct,
NEW YORK CITY POLICE OFFICER JOSEPH SPINA,
Shield # 15556, Patrol Borough Bronx,
NEW YORK CITY POLICE OFFICER JOHN DOE,
46th Precinct,

Defendant(s).
--------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action in which Plaintiff, KARON BAKER, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth and Eighth Amendments, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the laws and Constitution of the State of New York.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3.  Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4.  The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

**VENUE**

6.  Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

**PARTIES**

7.  Plaintiff, KARON BAKER is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8.  Defendant NEW YORK CITY POLICE OFFICER KIRYAKO, upon information and belief of PSA-3, NEW YORK CITY POLICE OFFICER JOSEPH SPINA, upon information and belief, of the Patrol Borough Bronx Command, and NEW YORK CITY POLICE OFFICER JOHN DOE, upon information and belief of the 46th Precinct, are and at all times relevant, officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK.  All of the aforementioned Defendant NEW YORK CITY POLICE OFFICERS are sued individually and in their official capacity.  At all times relevant all of the aforementioned named Defendant NEW YORK CITY POLICE OFFICERS were acting under the color of State Law in the course and scope of their duties and functions as agents, servants,

employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of his lawful duties.  All of the aforementioned named Defendant NEW YORK CITY POLICE OFFICERS were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in them as police officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a Police Department which acts as its agents in the area of Law Enforcement and for which it is ultimately responsible.  Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

### First Incident

11. On September 25, 2010 at approximately 4:30 p.m. the Plaintiff was in the vicinity

of Grand Avenue and West 183rd Street in Bronx County, sitting on a crate outside of a store waiting to speak with his girlfriend, who worked in a salon across the street. The Plaintiff had obtained the crate from inside the store after asking the owner of the store, an individual known to the Plaintiff, for permission to use the crate to sit on while waiting for his girlfriend. After approximately three to five minutes, the Plaintiff was approached by Defendant NEW YORK CITY POLICE OFFICER KIRYAKO and NEW YORK CITY POLICE OFFICER KEVIN CAVELLI. Defendant NEW YORK CITY POLICE OFFICER KIRYAKO asked the Plaintiff if he worked in the store. The Plaintiff informed Defendant NEW YORK CITY POLICE OFFICER KIRYAKO that he did not work in the store, but that he knew the proprietor, whereupon Defendant NEW YORK CITY POLICE OFFICER KIRYAKO and NEW YORK CITY POLICE OFFICER KEVIN CAVELLI proceeded to exit their squad car and enter the store to determine if the Plaintiff worked in the store. The Plaintiff followed the Defendant NEW YORK CITY POLICE OFFICER KIRYAKO and NEW YORK CITY POLICE OFFICER KEVIN CAVELLI into the store, whereupon the Plaintiff heard Defendant NEW YORK CITY POLICE OFFICER KIRYAKO ask the store proprietor about the Plaintiff's connection to the store. When the proprietor informed Defendant NEW YORK CITY POLICE OFFICER KIRYAKO that the Plaintiff did not work in the store the Plaintiff asked the proprietor, named "Raheem", if the Plaintiff had asked permission to use the crate while he waited for his girlfriend, to which Raheem responded in the affirmative. NEW YORK CITY POLICE OFFICER KEVIN CAVELLI then ordered the Plaintiff to "get out of the store, and go down the block." The Plaintiff complied and left

the store. Upon exiting the store, the Plaintiff crossed the street to go to his girlfriend's salon, stopping to speak with two friends of his who asked the Plaintiff what had just occurred. While the Plaintiff was speaking with these individuals NEW YORK CITY POLICE OFFICER KEVIN CAVELLI exited the store and came across the street and told the Plaintiff in sum and substance: "didn't I tell you to get off the block?" using an expletive. The Plaintiff informed NEW YORK CITY POLICE OFFICER KEVIN CAVELLI that there was no need for NEW YORK CITY POLICE OFFICER KEVIN CAVELLI to use profanity, whereupon NEW YORK CITY POLICE OFFICER KEVIN CAVELLI stated to the Plaintiff, in sum and substance, "now you're getting a ticket". NEW YORK CITY POLICE OFFICER KEVIN CAVELLI proceeded to handcuff the Plaintiff, placing the Plaintiff's hands behind his back. When the Plaintiff asked NEW YORK CITY POLICE OFFICER KEVIN CAVELLI why he was handcuffing the Plaintiff, NEW YORK CITY POLICE OFFICER KEVIN CAVELLI stated to the Plaintiff in sum and substance: "I don't like your mouth, I'm not the other officer you were debating with, there's no debating with me, what I say goes, if not you'll be going to jail, like you are now." Defendant NEW YORK CITY POLICE OFFICER KIRYAKO and NEW YORK CITY POLICE OFFICER KEVIN CAVELLI proceeded to take the Plaintiff to the 46th Precinct. At the 46th precinct, Defendant NEW YORKCITY POLICE OFFICER KIRYAKO and NEW YORK CITY POLICE OFFICER KEVIN CAVELLI informed the officer behind the front desk that the Plaintiff was being arrested for Disorderly Conduct (New York Penal Law Section 240.20). NEW YORK CITY POLICE OFFICER KEVIN CAVELLI proceeded to take the Plaintiff to a bathroom in

the precinct, informing the Plaintiff that he was going to search him "to see if he was doing anything illegal, like selling drugs on the corner." Once inside the bathroom, NEW YORK CITY POLICE OFFICER KEVIN CAVELLI proceeded to conduct a strip search of the Plaintiff, ordering the Plaintiff to take off his clothes slowly and shake out each item of clothing after it had been removed from the Plaintiff's person, then instructing the Plaintiff to hand NEW YORK CITY POLICE OFFICER KEVIN CAVELLI each item of clothing after the Plaintiff shook it. NEW YORK CITY POLICE OFFICER KEVIN CAVELLI then ordered the Plaintiff to take the Plaintiff's fingers and run them around the inside of the Plaintiff's mouth, then turn around, bend over and squat.  The Plaintiff complied with all of the orders of NEW YORK CITY POLICE OFFICER KEVIN CAVELLI, which were of considerable humiliation and embarrassment to the Plaintiff. After being held in custody for approximately three hours, the Plaintiff was released from custody.  Prior to the Plaintiff's release he was issued summonses, signed by Defendant NEW YORK CITY POLICE OFFICER KIRYAKO, charging the Plaintiff with violating New York Penal Law Section 240.20 (Disorderly Conduct).  On December 1, 2010 the Plaintiff was required to defend himself against the criminal prosecution initiated by Defendant NEW YORK CITY POLICE OFFICER KIRYAKO, under docket number 2010SX105725, in New York Criminal Court, which was dismissed as legally insufficient on December 1, 2010.

**Second Incident**

12. On October 25, 2013 at approximately 12:15 a.m. the Plaintiff was parked in his automobile in the vicinity of West 183rd Street and Grand Avenue in the Bronx when he

observed a marked NEW YORK CITY POLICE DEPARTMENT patrol car drive past the Plaintiff's vehicle, stop and then back up to where the Plaintiff's vehicle was parked. Two members of the NEW YORK CITY POLICE DEPARTMENT, one of whom was named Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA, Shield Number 15556, assigned to Patrol Borough Bronx, exited the patrol car and approached the Plaintiff. Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA ordered the Plaintiff to produce his drivers license. When the Plaintiff asked Defendant Officer SPINA what he had done wrong, Defendant Officer SPINA immediately told the Plaintiff, in sum and substance, to "shut the fuck up" and "hurry up and give me the license and registration." The Plaintiff stated in sum and substance to Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA that there was "no need for profanity", whereupon Defendant NEW YORK CITY POLICE OFFICER SPINA ordered the Plaintiff out of the car, physically taking Plaintiff out of his motor vehicle, and without probable cause or reason to believe a crime had been committed by the Plaintiff, handcuffed the Plaintiff and proceeded to transport the Plaintiff to a local police precinct. Once at the precinct, Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA and other members of the NEW YORK CITY POLICE DEPARTMENT falsely stated to the Plaintiff, upon information and belief, that THE NEW YORK CITY POLICE DEPARTMENT "had recently added regulations" mandating that the Plaintiff "be subjected to a strip search if a Desk Appearance Ticket (DAT) was to be issued" to the Plaintiff by members of THE NEW YORK CITY POLICE DEPARTMENT. The Plaintiff was then subjected to a strip search by

Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA, however the Plaintiff was not given a Desk Appearance Ticket, but instead was held in the custody of the NEW YORK CITY POLICE DEPARTMENT for approximately forty eight hours. The Plaintiff was subsequently arraigned upon charges, falsely and maliciously made by Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA alleging that the Plaintiff committed the crimes of Obstruction of Governmental Administration (NY Penal Law Section 195.05) and Resisting Arrest (New York Penal Law Section 205.30). The Plaintiff was eventually released on his own recognizance and required to go to Court to defend himself against the baseless criminal charges alleged and made by Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA, which were dismissed on motion by THE BRONX DISTRICT ATTORNEY'S OFFICE on November 15, 2013, the first time the Plaintiff's case was on the Bronx Criminal Court calendar.

### Third Incident

13. On November 19, 2013 at approximately 11:30 p.m. the Plaintiff was in the vicinity of 183rd Street and Grand Avenue in the County of the Bronx when he observed his uncle inside of a store on the corner. The Plaintiff entered the store followed by two members of the NEW YORK CITY POLICE DEPARTMENT. One of the Officers, herein identified as NEW YORK CITY POLICE OFFICER JOHN DOE asked the Plaintiff in sum and substance "what did you pass to him?" The Plaintiff informed Defendant OFFICER JOHN DOE that he did not pass anything to his uncle, whereupon the Plaintiff proceeded to approach the counter of the store to purchase an item. Defendant NEW YORK CITY POLICE OFFICER

JOHN DOE proceeded to take hold of the Plaintiff's right wrist and stated in sum and substance to the Plaintiff, "hold on, I just asked you a question." The Plaintiff then asked Defendant OFFICER JOHN DOE in sum and substance, "why are you stopping me, why are you was touching me, who said I did something?" Whereupon Defendant NEW YORKCITY POLICE OFFICER DOE stated in sum and substance "I saw you pass him something," to which the Plaintiff responded by stating in sum and substance to the store employee known to Plaintiff as "Raheem" and Defendant NEW YORK CITY POLICE OFFICER JOHN DOE: "let's go to the tape." Defendant NEW YORK CITY POLICE OFFICER JOHN DOE proceeded to stand in front of the door of the location preventing the Plaintiff from exiting the store. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE then told the Plaintiff in sum and substance: "you're going to the bookings", whereupon Defendant NEW YORK CITY POLICE OFFICER JOHN DOE proceeded to hand cuff and search the Plaintiff. The Plaintiff was then transported to the 46th Precinct, where Defendant NEW YORK CITY POLICE OFFICER JOHN DOE proceeded to order the Plaintiff to enter a bathroom where Defendant NEW YORK CITY POLICE OFFICER JOHN DOE proceeded to conduct a strip search of the Plaintiff. Defendant NEW YORK CITY POLICE OFFICER JOHN DOE proceeded to write the Plaintiff a summons for violating NY Penal Law Section 240.20 (Disorderly Conduct). The Plaintiff was forced to attend Court to defend himself against the baseless, malicious allegations levied against him by Defendant NEW YORK POLICE OFFICER JOHN DOE.

**FIRST FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C. 1983 and the United States**

**Constitution- Malicious Prosecution**

14. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirteen (13) as if fully set forth herein.

15. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER KIRYAKO, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, without basis in law or fact, instituting the prosecution of Plaintiff, which charges were dismissed on December 1, 2010.

16. That the actions of Defendant NEW YORK CITY POLICE OFFICER KIRYAKO occurred in and during the scope of his employment, duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**THIRD FEDERAL CLAIM**

**Violation of Rights Secured by Section 42 U.S.C 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- False Arrest**

17. Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Sixteen (16) as if fully set forth herein.

18. Upon information and belief, that on October 25, 2013 the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA, acting under color of State Law, violated Section 42 U.S.C 1983 by and the Fourth Amendment to the United States Constitution by unlawfully detaining, arresting and searching the Plaintiff without probable cause on October 25, 2013.

19. That the actions of Defendant NEW YORK CITY POLICE OFICER JOSEPH SPINA

occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the United States Constitution-Malicious Prosecution

20.  Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Nineteen (19) as if fully set forth herein.

21.  That upon information and belief, the conduct of Defendant NEW YOKR CITY POLICE OFFICER JOSEPH SPINA acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully, without basis in law or fact, causing and initiating the prosecution of Plaintiff, which charges were dismissed on November 15, 2013.

22.  That the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and wile acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT, and defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH FEDERAL CLAIM

## Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution-Due Process Violation-Unlawful Strip Search

–11–

23. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Two (22) as if fully set forth herein.

24. That upon information and belief, that on October 25, 2013 the conduct of defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA, acting under color of State Law, violated Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States by unlawfully, without basis in fact, subjecting the Plaintiff to a strip search of his person without lawful reason or cause.

25. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARMTENT, and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff

## SIXTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C.1983 and the Fourth and Fourteenth Amendments to the United States Constitution-False Arrest**

26. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Five (25) as if fully set forth herein.

27. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, acting under color of State Law, violated Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution by unlawfully detaining, arresting and searching the Plaintiff without probable cause on November 19, 2013.

28. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE

occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT, and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SEVENTH FEDERAL CLAIM

. **Violation of Rights Secured by Section 42 U.S.C. 1083 and the Fourth and Fourteenth Amendments to the United States Constitution-Due Process Violation-Unlawful Strip Search**

29. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty Eight (28) as if fully set forth herein.

30. That upon information and belief, that on November 19, 2013 the conduct of Defendant NEW YORKCITY POLICE OFFICER JOHN DOE, acting under color of State Law, violated Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution by unlawfully, without basis in fact, subjecting Plaintiff to a strip search of his person without lawful reason or cause.

31. That the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE occurred in and during the course and scope of his lawful duties as a New York City Police Officer, and while acting as agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIRST STATE LAW CLAIM

32. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty One (31) as if fully set forth herein.

33. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA resulted in the false arrest, detention and search of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND STATE LAW CLAIM

34. Plaintiff incorporates by reference the allegations contained in Paragraphs One 91) through Thirty Three (33) as if fully set forth herein.

35. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA resulted in the false arrest, detention, search and seizure of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

36. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Five (35) as if fully set forth herein.

36. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA intentionally inflicted emotional distress upon Plaintiff, causing Plaintiff to suffer severe anxiety, public humiliation and embarrassment.

## FOURTH STATE LAW CLAIM

37. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Six (36) as if fully set forth herein.

38. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE resulted in the false arrest, detention and search of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**FIFTH STATE LAW CLAIM**

39. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Thirty Eight (38) as if fully set forth herein.

40. That the actions of Defendant CITY OF NEW YORK by negligently hiring, training, screening supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE resulted in the false arrest, detention and seizure of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**SIXTH STATE LAW CLAIM**

41. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Forty (40) as if fully set forth herein.

42. That the actions of Defendant NEW YORK CITY POLICE OFFICER JOHN DOE intentionally inflicted emotional distress upon the Plaintiff, causing the Plaintiff to suffer severe anxiety, public humiliation and embarrassment, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**SEVENTH STATE LAW CLAIM**

43. Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Forty Two (42) as if fully set forth herein.

44. That the actions of defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOSEPH SPINA, through the doctrine of Respondeat Superior, resulted in the false arrest, detention and search of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## EIGHTH STATE LAW CLAIM

45.  Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Forty Four (44).

46.  That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER JOHN DOE, through the doctrine of Respondeat Superior, resulted in the false arrest, detention and search of Plaintiff, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendants NEW YORK CITY POLICE OFFICERS KYRYAKO, JOSEPH SPINA and JOHN DOE.

3. A Court Order pursuant to 42 U.S.C. 1998 and The State Equal Access to Justice Act, CPLR 8601, et seq., that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: July 7, 2014

                                                    _____
                                                    VICTOR M. BROWN, ESQ.
                                                    (VB-5289)
                                                    Attorney for Plaintiff
                                                    11 Park Place, Suite 600
                                                    New York, New York 10007
                                                    (212) 227-7373
                                                    Fax(212) 227-2330
                                                    E: vbrownlaw@yahoo.com